JONATHAN PROUT *et al*, *vs.* ZACHARIAH BERRY AND WIFE. *December Term*, 1841.

Under the act of 1826, ch. 200, sect. 6, upon an appeal from the court of Chancery, the record must be transmitted to this court within forty days from the entry of the appeal, otherwise the appeal will be dismissed on motion.

The clerk of the court is not authorised to stike out a judgment and re-instate a cause, except by order of the court; though he may be so directed by act of Legislature.

See the acts of Assembly at the end of this case in relation to appeals.

APPEAL from the Court of Chancery.

At this term PRATT, ALEXANDER and BOWIE, moved to dismiss this appeal, upon the ground, that the record was not transmitted within the period required by the act of 1826, ch. 200, sect. 6.

The motion was resisted by TUCK and RANDALL for the appellants.

BUCHANAN, C. J., STEPHEN, ARCHER, DORSEY, CHAMBERS and SPENCE, J., heard the motion.

ARCHER, J., delivered the opinion of the court.

A decree of the court of Chancery, dated 3rd November, 1838, and an order of same court, made on the 25th January, 1839, were appealed from in that court on the 26th January, 1839. The record never was transmitted to this court until the 20th February, 1840. The motion to dismiss the appeal, entered in this case, must be governed by the decision of this court in the case of *Chaytor and others vs. Oliver's executors,* December term, 1839.

The record should have been transmitted to this court within forty days from the entry of the appeal.

                              APPEAL DISMISSED.

At June term, 1843, the appellants moved the court to reinstate this appeal, and produced to the court the act of 1842, ch. 168, passed on the 25th February, 1843.

The 1st section of which enacted, " That the clerk of the " Court of Appeals for the Western Shore, be and he is hereby " authorised and directed, from and after the day of the pas- " sage of this act, to reinstate and place this cause on the " docket of said court."

The 2nd section, directed the clerk to bring forward this cause upon the docket by regular continuance, so as to be placed on the trial docket of June, 1843, to be heard and

determined by the said Court of Appeals, as if the said transcript had been transmitted to and filed in said court within the time required by law.

The 3rd section declared, That nothing herein shall authorise the Court of Appeals to review, reverse or correct the orders of the Chancellor, appealed from as aforesaid, in favor of any of the parties to the writ, excepting the appellants, as aforesaid ; and *if, on the hearing of the said appeal,* the said orders shall be reversed, and it shall be determined that the said appellees, *Z. Berry and wife,* were not entitled to a share of the fund distributed by the said orders, then in such case, the said appellees shall be entitled to retain out of the monies which they may be required to pay the appellants, in consequence of such reversal, such proportions of the sums of money which they may have paid to the annuitants under the last will and testament of *Levi Gantt,* deceased, as the court may deem just and equitable, and the said *appellants shall be substituted* in the place of the said appellees, as against the annuitants, to the extent of such retainer.

This motion was made to the court, in consequence of the clerk of the court declining to re-instate the cause without the order of the court to that effect, and was resisted by the appellees.

By the Court—                    MOTION OVERRULED.

By the act of 1841, ch. 46, on any appeal being entered in the county court, or in the chancery court, or county court as a court of equity, or upon production of a writ of error, it is the duty of the clerk or register of such court to transmit to the Court of Appeals a full transcript of the record *within nine months* after the appeal taken or writ of error produced ; and upon receipt of such transcript by the clerk of the Court of Appeals, he shall enter the case upon the docket, as of the term next after the date of the appeal, or of the writ of error in such case. If filed as aforesaid, not to be dismissed by the Court of Appeals.

1842, ch. 28. Upon appeals from the decrees of the orphan's court, the record to be transmitted within sixty days

after the appeal, or to the next Court of Appeals (as the case may be,) after the appeal is entered, and not to be dismissed if this act is complied with.

1842, ch. 288. Appeals to be entertained, although the record shall not have been transmitted within the time required by law, if it shall appear to the Court of Appeals, that the delay of transmission, was by the neglect or omission of the register or clerk, and without default of the party.

1843, ch. 41. The dismissal of any appeal, because of the failure of the clerk or register below in sending up a transcript of the record, within the time required by law, not a bar to any subsequent appeal, provided it be taken within the time limited by law for appealing from such judgment or decree.

1843, ch. 73. Appeals under act of 1832, ch. 197, from refusals to grant or continue injunctions, will lie without a previous order from one of the judges of the appellate court.